IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00910-MEH

MARTHA MARTIN,

    Plaintiff,

v.

PURE SPECTRUM CBD, LLC and
BRADY BELL,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's "Motion for Reconsideration of Partial Summary Judgment" ("Motion"). ECF 83. Plaintiff seeks reconsideration of this Court's order granting summary judgment on her copyright infringement claim. ECF 70. Defendant Pure Spectrum CBD, LLC ("Pure Spectrum") filed a response in opposition to the Motion. ECF 88. Plaintiff did not file a reply brief by the May 5, 2022 deadline. ECF 84. For the following reasons, the Motion is denied.

**I.     Background**

The Court incorporates the underlying facts from its order on summary judgment. The Court will provide only a procedural summary to put Plaintiff's Motion in context. Plaintiff filed the operative Amended Complaint on September 7, 2020. ECF 34. There, Plaintiff asserts six claims against Defendants, including a claim for copyright infringement. *Id.* at 14. Defendants[1]

---

[1] At the time of filing, both Defendants joined in the request for summary judgment. Presently, due to Defendant Brady Bell's failure to comply with court orders, default has been entered against Mr. Bell. ECF 85, 86. Thus, on the current Motion, only Pure Spectrum opposes it.

filed their motion for summary judgment on June 30, 2021, seeking summary judgment as to all claims. ECF 56. After full briefing, the Court issued its order on January 3, 2022 granting in part and denying in part the motion for summary judgment. ECF 70. The only claim for which the Court granted summary judgment was the copyright infringement claim. *Id.* at 6–11.

On February 7, 2022, Plaintiff filed a motion requesting leave to file a motion for reconsideration. ECF 73. The Court denied that motion for failure to comply with the Local Rule mandating meaningful conferral but advised Plaintiff that prior permission to file a motion for reconsideration was not needed. ECF 75. Plaintiff filed such a motion on April 12, 2022. ECF 81. However, the Court denied that motion without prejudice for failure to meaningfully confer, failure to comply with the Court's page restrictions, and improperly requesting summary judgment well after the deadline to do so had passed.[2] ECF 82. Plaintiff then filed the present Motion. ECF 83. The Court ordered expedited briefing in light of the upcoming bench trial set to begin on June 21, 2022.

**II.    Analysis**

    **A.    Legal Standards**

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Menocal v. Geo Grp., Inc.*, No. 14-cv-02887-JLK, 2015 WL 13614120, at *1 (D. Colo. Aug. 26, 2015) (citing *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d

---

[2] Although Plaintiff mostly remedied the prior defects identified by the Court, Plaintiff inadvertently left the following sentence in the opening paragraph of the Motion: "Plaintiff further requests the entry of a Patrial Summary Judgment that Plaintiff owns 3% Class-A, voting ownership interest in [Pure Spectrum], based upon the undisputed summary judgment." ECF 83 at 1. The Court will not construe this single sentence as a request for summary judgment, a demand for which the Court already found Plaintiff had failed to establish good cause. *See, e.g.*, *Thornton v. Collier*, No. 05-cv-01103-WYD-BNB, 2007 WL 2491848, at *2 (D. Colo. Aug. 29, 2007) (finding no good cause in party's request to file a motion for summary judgment that came a year after the deadline had passed).

2

858, 861 (10th Cir. 1995)). The authorization for such a motion is implied by Rule 54(b), which states in part that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Motions for reconsideration, thus, "fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015). In order to avoid the inefficiency of repeatedly re-adjudicating interlocutory orders, generally judges in this District have imposed limits on the broad discretion to revisit interlocutory orders. *Id*. "A motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Menocal*, 2015 WL 13614120, at *1 (quotation omitted).

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012). "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC*, 2015 WL 3542699, at *2 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed." *Madison v. Volunteers of Am.*, No. 12-cv-00333-REB-KMT, 2012 WL 1604683, at *1 (D. Colo. May 8, 2012) (quotation omitted).

Instead, grounds warranting a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete,* 204 F.3d 1005, 1012 (citation omitted). "In determining whether to revisit an interlocutory order, courts generally consider whether new

3

evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Hubbard v. Nestor*, No. 16-cv-00444-CMA-STV, 2019 WL 1331981, at *2 (D. Colo. Mar. 25, 2019) (quotation omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Roe v. Catholic Health Initiatives Colo.*, No. 11-cv-02179-WYD-KMT, 2012 WL 1394523, at *1 (D. Colo. Apr. 23, 2012) (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

### B. Plaintiff's Arguments

In her Motion, Plaintiff "fails to assert any of the grounds warranting the Court to reconsider its ruling[;] . . . thus, [Plaintiff's] Motion fails." *Beyer Laser Ctr., LLC v. Polomsky*, No. 16-cv-03099-MEH, 2019 WL 5549160, at *3 (D. Colo. Oct. 25, 2019). Plaintiff does not cite to any legal standard supporting her request for reconsideration. Consequently, she does not address whether she seeks reconsideration because of an intervening change in the law, new evidence, and/or the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Failing to cite the standard, and therefore adhere to it, is an independent ground of denial of the Motion. *Phinisee v. U.S.*, No. 10-1253, 2012 WL 3824951, at *1 (E.D. Pa. Sep. 4, 2012).

However, even considering the merits of the Motion, Plaintiff fails to establish the necessity of reconsideration. To begin, Plaintiff identifies no intervening change in the law or the existence of new evidence previously unavailable for the Court's consideration. Next, to the extent Plaintiff argues the Court clearly erred, she raises two issues: (1) Defendants did not raise the

4

affirmative defense of license in their pleadings, so the Court improperly and sua sponte raised it for them, Mot. at 8; and (2) the Court did not provide "[a]n accurate analysis of the undisputed facts in this case," *id.* at 2. The Court will address each contention in turn.

### 1. Pleading the Affirmative Defense

For the first time, Plaintiff argues that the Defendants "did not raise the affirmative defense of license in" their pleadings. *Id.* at 8. As the Court explained earlier, "[m]otions to reconsider are generally an inappropriate vehicle to advance 'new arguments . . . which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC*, 2015 WL 3542699, at *2 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). If Plaintiff wanted to raise this argument, she should have done so in her response to the motion for summary judgment. Her failure to do so means the Court need not consider the argument now. *Madison*, 2012 WL 1604683, at *1.

Even if the Court did consider it, Plaintiff is mistaken in believing Defendants failed to plead the affirmative defense of license. In their original Answer, Defendants pleaded license in the ninth paragraph of their affirmative defenses. ECF 31 at 18, ¶ 9. In their Answer to Amended Complaint, they re-pleaded the affirmative defense in the tenth paragraph. ECF 40 at 13, ¶ 10. Moreover, assuming that there was some defect in how the affirmative defense was pleaded, Defendants could have raised the defense in a post-answer motion, such as their motion for summary judgment. *Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006). The relevant inquiry is whether the Plaintiff had sufficient notice of the defense and an opportunity to argue against the defense's imposition. *Id.* (citing *Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)). Here, Defendants raised the defense in the motion for summary judgment, and Plaintiff was on notice of the argument since she engaged substantively with the defense. Whatever prejudice Plaintiff may have faced from the raising of the defense, that prejudice was not unfair or

undue given that she responded directly to Defendants' argument without alerting the Court to some deficiency.

### 2. Factual Record

The majority of Plaintiff's Motion is spent arguing how the Court incorrectly viewed the summary judgment record.[3] The problem with that is "[a]ll of the arguments and contentions set forth in the instant Motion were available to Plaintiff previously, and were, *to the extent they were developed in* [the motion for summary judgment], considered and addressed by the Court . . . ." *Suez WTS Servs. USA, Inc. v. Aethon United BR LP*, No. 20-cv-2129-WJM-NRN, 2020 WL 12676324, at *1 (D. Colo. Nov. 19, 2020) (emphasis in original). Every piece of evidence and every argument addressed by Plaintiff in the Motion either was or could have been raised in the summary judgment briefing. Because "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing," *Servants of the Paraclete*, 204 F.3d at 1012, Plaintiff's Motion must be denied.

For several reasons, Plaintiff's Motion is an attempt "for a losing party to revisit issues already addressed." *Suez WTS Servs. USA, Inc.*, 2020 WL 12676324, at *1. First, Plaintiff's response brief to the motion for summary judgment contained a "Response to Defendants' Statement of 'Uncontested' Facts" that did not, in fact, respond to each of Defendants' proffered facts. ECF 60 at 1–4. Defendants provided eleven numbered paragraphs, and Plaintiff only responded with seven.[4] *Id.*; ECF 56 at 1–3. Nor did Plaintiff's seven paragraphs even attempt to

---

[3] This includes Plaintiff's attempts to factually distinguish *Malibu Media, LLC v. Batz*, No. 12-cv-01953-WYD-MEH, 2013 WL 2120412, at *5 (D. Colo. Apr. 5, 2013).

[4] The Court adds that this violated the Court's Practice Standards which provide that "[a]ny party opposing the motion for summary judgment shall include a separate section in its response admitting or denying *each* of the moving party's undisputed facts." Practice Standards § III.F (emphasis added).

correspond with Defendants' facts, leaving the Court essentially to guess on how Plaintiff admitted or denied each of the alleged facts.[5] Second, Plaintiff did not proffer her own fact section. The Court's Practice Standards permit that "[i]f the party opposing the motion believes that there are additional material disputed facts that have not been addressed[,] . . . the party, in a separate section of the brief, shall set forth each additional material fact in a simple, declarative sentence in a separately numbered paragraph." Practice Standards § III.F. Plaintiff did not avail herself of that opportunity. Third, Plaintiff's entire argument on the issue of copyright infringement was contained in five pages of the response brief on summary judgment. ECF 60 at 5–9. The Court does not impose page restrictions on summary judgment briefing to allow parties the freedom to explain the factual record as fully as they would like. Practice Standards § III.D. Although Plaintiff thought five pages would be sufficient on the initial briefing, Plaintiff now uses almost twenty-four pages[6] to "clarify the confusion with respect to several key facts in the undisputed summary judgment record." ECF 83 at 23 (emphasis omitted).

The lack of complete responsiveness to Defendants' facts, the absence of her own proposed facts, and the limited analysis of the copyright infringement claims do not favor reconsideration now. Plaintiff's unhappiness with the Court's evaluation of the factual record on summary judgment is likely a direct result of the truffle-hunt her response brief forced the Court to undertake. *See U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). That is, Plaintiff had ample opportunity to develop her arguments (some of which she did) in the summary judgment briefing. The Court considered all arguments

---

[5] Again, this was in violation of the Court's Practice Standards, mandating that "[e]ach admission or denial shall be contained in a separately numbered paragraph corresponding to the moving party's paragraph numbering." Practice Standards § III.F.

[6] As the Court stated in its April 14, 2020 minute order, this amount exceeds the Court's page limitations for non-Rule 56 motions. ECF 84; Practice Standards § III.D.

and facts cited in that briefing in its order on summary judgment. Plaintiff's disagreement with the Court's ruling and mere desire to "revisit issues already addressed or advance argument that could have been raised in prior briefing," does not entitle her to reconsideration. *Servants of the Paraclete*, 204 F.3d at 1012; *see also Lacefield v. Big Planet*, No. 2:06-cv-844, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process.").

Despite these shortcomings, the Court has taken the additional step of reviewing the Motion, the Court's order granting partial summary judgment, and the briefing on Defendants' motion for summary judgment. "Based on that analysis, the Court concludes that its Order granting summary judgment to Defendants with respect to [the copyright infringement claim] was not clearly erroneous" *Seabron*, 2012 WL 3028224, at *1.

### III.    Conclusion

For the reasons explained in this Order, Plaintiff's Motion [filed April 13, 2022; ECF 83] is **denied**.

Dated at Denver, Colorado, this 13th day of May, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge